# CHARLESTON.

## STATE *v.* F. C. COAL & COKE CO.

### *(GREEN, JUDGE, Absent.)

Submitted June 10, 1889.—Decided November 18, 1889.

EMPLOYER AND EMPLOYE—CONSTITUTIONAL LAW.

> The fourth section of chapter 63, Acts 1887, which prohibits persons and corporations, engaged in mining and manufacturing and interested in selling merchandise and supplies, from selling merchandise and supplies to their employes at a greater *per cent.* of profit than they sell to others not employed by them, is unconstitutional and void, because it is class legislation and an unjust interference with private contracts and business.

*J. W. St. Clair* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State.

SNYDER, PRESIDENT:

Writ of error to a judgment of the Circuit Court of Fayette county, pronounced on September 29, 1887, upon an indictment against the Fire Creek Coal & Coke Company, a domestic corporation. There was a motion to quash, and a demurrer to the indictment, each of which were overruled, a trial by jury and conviction, and a fine of $25.00 imposed upon the defendant. The indictment is under the provisions of the fourth section of chapter 63, Acts of 1887, which provides, in substance, as follows : That it shall be unlawful for any person, firm, company, corporation, or association engaged in mining or manufacturing, and who shall be interested in merchandising, to knowingly and willfully sell any merchandise or supplies whatsoever to any employe at a greater *per cent.* of profit than merchandise and supplies of the like character, quality, and quantity are sold to other customers, buying for cash, and not employed by them. The violation of this section is made a misdemeanor, punishable by a fine not exceeding $100.00 and not less than $25.00.

---

*On account of illness.

In *State* v. *Goodwill, ante,* p. 179, this Court held, it is not competent for the legislature, under the constitution, to single out owners and operators of mines, and manufacturers of every kind, and provide that they shall bear burdens not imposed on other owners of property or employers of labor, and prohibit them from making contracts which it is competent for other owners of property or employers of labor to make. Such legislation can not be sustained as an exercise of the police power. And we also held, in that case, that the third section of the same act, under which the indictment' now under consideration is founded, is unconstitutional and void. In that case we referred to the constitutional provisions, both State and Federal, and reveiwed at some length the decisions of the courts in respect to the power of the legislature to enact laws such as the one here in question. The provision of the statute, which we declared invalid in that case, was an attempt to prohibit persons engaged in mining and manufacturing from issuing, for the payment of labor, any order or paper, except such an order as is specified in the act. The chief ground upon which we held that section void was that it discrimiated against a class of employers, and interfered with the right of contract between citizens in respect to matters purely private..

That section of the act having been held void, as an abridgment of the guarantied rights and privileges of the citizens of this State, it seems to me that the fourth section of the same, act—the one now in question—must, for the reasons and upon the authorities and principles set forth in the opinion in the said case of *State* v. *Goodwill,* be also held unconstitutional and void. There are many considerations for selling goods or supplies at a less *per cent.* of profit to one customer than to others. The goods may be of the "like character, kind, quality, and quantity," and still there may be considerations, entirely proper, why the sale should not be at the same price in all cases—such as the character and promptness of the customer; the risk of loss or time of payment, the aggregate amount of purchases by the same person of different kinds of goods or supplies. It may be more profitable to sell a large bill of different kinds of goods to a large consumer than to sell one of the same kind of articles to one who buys nothing else.

The statute is a Procrustean bed. It consigns all sizes and conditions to the same measure of treatment, regardless of their differences. It excludes all freedom in trade, and all considerations of mutual benefit, and even charity. If the employer sells goods to the family of some friend, in indigent circumstances, at less than cost, then, under this statute, he must sell at the same price to all his employes. But it is unnecessary to illustrate the vices, the crudities, and the injustice of the statute. That it is an attempt to do for private citizens, under no physical or mental disabilities, what they can best do for themselves, is apparent. It selects miners and manufacturers as a class, and denies to them privileges which are not only proper and legitimate in themselves, but also to some extent necessary and unavoidable in the conduct of business; privileges which concern private affairs solely, and which are enjoyed by all other classes of citizens. It is an attempt on the part of the legislature to do what, in this country can not be done; that is, to prevent persons who are *sui juris* from making their own contracts. The act is an infringement alike of the right of the employer and the employe. More than this, it is an insulting attempt to put the laborer under legislative tutelage, which is not only degrading to his manhood, but subversive of his rights as a citizen of the United States. *Godcharles* v. *Wigeman*, 113 Pa. St. 431 (6 Atl. Rep. 354).

In condemning this statute, we do not wish to give countenance to the idea that any employer, whether he is engaged in mining, manufacturing, or any other business, has the right to discriminate against his employes, by selling to them goods or supplies, under similar circumstances, at a greater *per cent.* of profit than he does to his other customers. Such a discrimination is not only unjust, but it is subversive of the first principles of trade; and no employe should buy from such employer. The remedy is in the hands of the employe. He is not compelled to buy from his employer; and the general law, without any special statute, will fully protect him in his refusal to do so. The ground on which this act is condemned is that it is class-legislation, and an unjust interference with the rights, privileges, and property of both the employer and the employe, and places upon both the

badge of slavery, by denying to the one the right of managing his own private business, and assuming that the other has so little capacity and manhood as to be unable to protect himself, or manage his own private affairs.

For these reasons, and upon the principles announced in the opinion of this Court in *State* v. *Goodwill,* hereinbefore referred to, we hold the said fourth section of the act aforesaid unconstitutional and void.

The judgment of the Circuit Court is reversed, the demurrer to the indictment sustained, and the defendant discharged.

REVERSED.